TARTER KRINSKY & DROGIN LLP
Mark Berkowitz
Nels T. Lippert, *pro hac vice to be filed*
Chandler Sturm, *pro hac vice to be filed*
1350 Broadway
New York, NY 10018
Tel.: (212) 216-8000
Fax: (212) 216-8001
mberkowitz@tarterkrinsky.com
nlippert@tarterkrinsky.com
csturm@tarterkrinsky.com

*Attorneys for Plaintiff*
*Times Three Clothier, LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TIMES THREE CLOTHIER, LLC, <br><br> *Plaintiff*, <br><br> v. <br><br> RACK'S OFFPRICE, RICHARD DWECK, DEBRA DWECK, CHEAP MAGGIE'S, LLC, JOSEPH DWECK and ALAN JACOBS, <br><br> *Defendants*. | Civ. Action No. 22-cv-3013 <br><br> **COMPLAINT AND** <br> **JURY TRIAL DEMANDED** |

Plaintiff Times Three Clothier, LLC ("Plaintiff"), by and through its attorneys, Tarter Krinsky & Drogin LLP, by way of its Complaint against Defendants Rack's OffPrice, Richard Dweck, Debra Dweck, Cheap Maggie's, LLC, Joseph Dweck and Alan Jacobs (individually and collectively, "Defendants"), alleges and states as follows:

### NATURE OF THE ACTION

1.      This is an action for copyright infringement under Section 501 of the Copyright Act of 1976. This action arises out of Defendants' unauthorized reproduction and public display

1

of copyrighted photographs owned and registered by Plaintiff.  Plaintiff seeks monetary and injunctive relief under the Copyright Act, 17 U.S.C. § 101, *et seq*.

## THE PARTIES

2.      Plaintiff, Times Three Clothier LLC, is a New York limited liability company with its principal place of business located at 575 8th Avenue, 21st Floor, New York, New York 10018.

3.      Upon information and belief, Defendant, Rack's OffPrice is a fictitious entity with a principal place of business located at 3191 Route 46, Parsippany, New Jersey 07054. Upon information and belief, Rack's OffPrice is owned, controlled, and operated by Defendants Cheap Maggie's, LLC, Richard Dweck Debra Dweck, Joseph Dweck, and Alan Jacobs.

4.      Upon information and belief, Defendants Rack's OffPrice, Cheap Maggie's LLC, Richard Dweck, Debra Dweck, Joseph Dweck, and Alan Jacobs own, operate, and maintain the https://racksoffprice.com/ website ("the Rack's Website") and selling pages, listings, and offers for sale on third party platforms under the Rack's OffPrice name.

5.      Defendant Cheap Maggie's, LLC is a limited liability company with places of business located at 216 Washington Street, Hoboken, New Jersey 07030 and 3191 Route 46, Parsippany, New Jersey 07054 and shares the same telephone number as Rack's OffPrice. Upon information and belief, Cheap Maggie's, LLC is owned, controlled, and operated by, at least, Defendants, Richard Dweck, Joseph Dweck, and Alan Jacobs.

6.      Defendant Richard Dweck is a private individual residing, upon information and belief, at 70 Far Brook Drive, Short Hills, New Jersey 07078.

7.      Defendant Debra Dweck is a private individual residing, upon information and belief, at 70 Far Brook Drive, Short Hills, New Jersey 07078.

8.    Defendant Joseph Dweck is a private individual residing, upon information and belief, at 45 Churchill Road, Tenafly, New Jersey 07670.

9.    Defendant Alan Jacobs is a private individual residing, upon information and belief, at 40 East 9th Street, #8D New York, New York 10003.

## JURISDICTION AND VENUE

10.    This Court has original subject matter jurisdiction over this Complaint pursuant to 28 U.S.C. § 1331 and 1338(a) as this action arises under the copyright laws of the United States, 17 U.S.C. § 101 *et seq*.

11.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) because Defendants reside in this District, have regular and established places of businesses in this District, and/or a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

12.    This Court has personal jurisdiction over Defendants because Defendants reside in, conduct business within, and/or purposely direct their activities, from which this action arises towards, the State of New Jersey.

## FACTUAL BACKGROUND

### A. PLAINTIFF AND ITS COPYRIGHTED PHOTOS

13.    Plaintiff is an independent manufacturer and seller of women's clothing sold under the well-known brand names YUMMIE, YUMMIE TUMMIE and YUMMIE BY HEATHER THOMSON (collectively "YUMMIE Products").

14.    In addition to selling its YUMMIE Products through third party brick and mortar and online retailers, Plaintiff maintains the https://www.yummie.com/ website ("Plaintiff's Website") for its online sales and advertising.

15.    Plaintiff expended and expends great time, effort, and money to have thousands of proprietary, high-quality photographs of fashion models wearing YUMMIE Products created which are posted on Plaintiff's Website, its social media platforms, and the websites of retailers authorized to use the photographs ("Authorized Retailers").  In addition, these photographs are used for marketing activities as well as for editorial coverage.

16.    Plaintiff's photographs of fashion models wearing its YUMMIE Products are original, creative works in which Plaintiff owns protectable copyright interests.

17.    Plaintiff has obtained active and valid copyright registrations for its photographs ("Copyrighted Photos"). *See, e.g.* Registration No. VAu 1-454-891 (attached hereto as Exhibit A); Registration No. VAu 1-466-094 (attached hereto as Exhibit B); Registration No. VAu 1-466-135 (attached hereto as Exhibit C); and Registration No. VAu 1-461-304 (attached hereto as Exhibit D).

18.    Plaintiff currently is, and has been at all times relevant hereto, the sole owner of all right, title and interest in and to the Copyrighted Photos.

19.    Many of the Copyrighted Photos are displayed on Plaintiff's Website, its social media platforms, the websites of Authorized Retailers and for marketing and editorial coverage to enable sales of its YUMMIE Products depicted in those Copyrighted Photos.

**B.  DEFENDANTS AND THEIR INFRINGING ACTS**

20.    Defendants are in the business of selling YUMMIE Products  at deeply discounted prices, the vast majority of which are not purchased directly from Plaintiff (*see, e.g.*, https://racksoffprice.com/pages/about-us (last visited May 11, 2022); Exhibit E).

21.    Upon information and belief, Defendants own, operate, and maintain the Rack's Website.

22. Upon information and belief, Defendants own, operate, and maintain selling pages, listings, and offers for sale by Rack's OffPrice of YUMMIE Products on third party platforms, including, but not limited to, those made available on eBay.com ("eBay"; Exhibit F attached hereto), and Bonanza.com ("Bonanza"; Exhibit G attached hereto) (individually and collectively, "Third Party Platforms").

23. Upon information and belief, the Rack's Website and listings on Third Party Platforms are popular and lucrative commercial enterprises—Defendants profit from the sale of YUMMIE Products to the public through these platforms.

24. Upon information and belief, Defendants are responsible for all of the content publicly displayed on the Rack's Website and on the Rack's OffPrice storefronts on Third Party Platforms (including, without limitation, the photographs depicting its products).

25. Without license, permission or authorization from Plaintiff, Defendants infringed, and continue to infringe, Plaintiff's copyrights by selecting, copying and publicly displaying Plaintiff's Copyrighted Photos of fashion models wearing YUMMIE Products on the Rack's Website and Third Party Platforms. Charts showing the comparison between an exemplary, non-exhaustive selection of Plaintiff's Copyrighted Photos and webpages from the Rack's Website and Third Party Platforms displaying Plaintiff's Copyrighted Photos are attached, hereto, as Exhibit H (Rack's Website), Exhibit I (eBay) and Exhibit J (Bonanza). The full extent of Defendants' infringement of Plaintiff's copyrights will be identified through discovery and will be asserted by amendment to this Complaint.

26. Defendants were aware and/or should have been aware that the Copyrighted Photos are Plaintiff's original copyright-protected works.

27.    Defendants engaged in the above infringing activities knowingly and in violation of United Stated copyright laws.

28.    Defendants used and are using Plaintiff's Copyrighted Photos to sell YUMMIE Products in competition with Plaintiff and its' Authorized Retailers to derive revenue, profits, and customer relationships and goodwill from the sales of such YUMMIE Products.

29.    As a result of Defendants' misconduct, Plaintiff has been substantially harmed.

30.    Plaintiff seeks herein preliminary and permanent injunctive relief and actual damages including disgorgement of all profits pursuant to federal law pertaining to copyrights.

## COUNT I
### (17 U.S.C. § 501 - Copyright Infringement as to all Defendants)

31.    Plaintiff repeats and incorporates by reference the allegations set forth in Paragraphs 1–30, inclusive, as if fully set forth herein.

32.    The Copyrighted Photos are original, creative works in which Plaintiff owns valid and protectable copyright interests.

33.    Plaintiff has neither licensed Defendants a right to publish any of the Copyrighted Photos, nor has Plaintiff assigned any of its copyrights in any of its Copyrighted Photos to Defendants.

34.    Without permission or authorization from Plaintiff, Defendants improperly and illegally copied, reproduced, and publicly displayed Plaintiff's Copyrighted Photos on the Rack's Website and Third Party Platforms, thereby violating Plaintiff's exclusive rights in its copyrights. The full extent of Defendants infringement of Plaintiff's Copyrighted Photos will be identified through discovery and will be asserted by amendment to this Complaint.

6

35.     Defendants' aforesaid acts, including Defendants' reproduction and display of Plaintiff's Copyrighted Photos on the Rack's Website and Third Party Platforms, violate Plaintiff's exclusive rights under Section 106 of the Copyright Act, and constitute willful copyright infringement.

36.     By virtue of the infringing acts of Defendants, an unknown amount of people have viewed the unlawful publication of Plaintiff's Copyrighted Photos on the Rack's Website and on Third Party Platforms. Further, by virtue of the infringing acts of Defendants, Defendants had a material unfair advantage in competing against Plaintiff.

37.     Defendants were aware and/or should have been aware that the Copyrighted Photos are Plaintiff's original copyright-protected works.

38.     As a direct and proximate result of Defendants' infringing conduct, Plaintiff has been damaged in an amount to be determined at trial.

39.     Unless enjoined, Defendants will continue their infringing acts, thereby causing additional irreparable injury to Plaintiff for which there is no adequate remedy at law.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for this Court to grant the following relief:

A.      Entry of a judgment against each Defendant, finding that Defendants have infringed Plaintiff's rights in the federally registered copyright for the Copyrighted Photos under 17 U.S.C. § 101 *et seq.*;

B.      Preliminary and permanent injunctive relief pursuant to 17 U.S.C. § 502 restraining each Defendant from copying, making derivative works, reproducing, duplicating,

disseminating, distributing copies of, or displaying photographs copied or derived from Plaintiff's Copyrighted Photos;

C.     An award of damages suffered by Plaintiff, in an amount to be determined at trial, due to Defendants' infringement pursuant to 17 U.S.C. § 504, or as otherwise allowed by law;

D.     Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure, Plaintiff respectfully demands a jury trial of all issues triable to a jury in this action.

Dated: May 24, 2022                          Respectfully submitted,

                                             TARTER KRINSKY & DROGIN LLP

                                             By: *s/ Mark Berkowitz*
                                             Mark Berkowitz

                                             Nels T. Lippert, *pro hac vice to be filed*
                                             Chandler Sturm, *pro hac vice to be filed*
                                             1350 Broadway
                                             New York, NY 10018
                                             Tel.:     (212) 216-8000
                                             Fax:      (212) 216-8001
                                             E-mail: mberkowitz@tarterkrinsky.com
                                                        nlippert@tarterkrinsky.com
                                                        csturm@tarterkrinsky.com

                                             *Attorneys for Plaintiff*
                                             *Times Three Clothier, LLC*

8

**LOCAL CIVIL RULE 11.2 CERTIFICATION**

Pursuant to Local Civil Rule 11.2, Plaintiff, through its attorneys, certifies that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Dated: May 24, 2022                              Respectfully submitted,

                                        TARTER KRINSKY & DROGIN LLP

                              By:  *s/ Mark Berkowitz*

                                    Mark Berkowitz
                                    Nels T. Lippert, *pro hac vice to be filed*
                                    Chandler Sturm, *pro hac vice to be filed*
                                    1350 Broadway
                                    New York, NY 10018
                                    Tel.:    (212) 216-8000
                                    Fax:    (212) 216-8001
                                    E-mail:  mberkowitz@tarterkrinsky.com
                                                nlippert@tarterkrinsky.com
                                                csturm@tarterkrinsky.com

                                    ***Attorneys for Plaintiff***
                                    ***Times Three Clothier, LLC***

9

## LOCAL CIVIL RULE 201.1 CERTIFICATION

Pursuant to Local Civil Rule 201.1, Plaintiff, through its attorneys, certifies that the above captioned matter is not subject to compulsory arbitration.

Dated: May 24, 2022                    Respectfully submitted,

TARTER KRINSKY & DROGIN LLP

By:  *s/ Mark Berkowitz*

Mark Berkowitz
Nels T. Lippert, *pro hac vice to be filed*
Chandler Sturm, *pro hac vice to be filed*
1350 Broadway
New York, NY 10018
Tel.:     (212) 216-8000
Fax:     (212) 216-8001
E-mail: mberkowitz@tarterkrinsky.com
            nlippert@tarterkrinsky.com
            csturm@tarterkrinsky.com

*Attorneys for Plaintiff*
*Times Three Clothier, LLC*