TARTER KRINSKY & DROGIN LLP
Mark Berkowitz
Nels T. Lippert, *pro hac vice to be filed*
Chandler Sturm, *pro hac vice to be filed*
1350 Broadway
New York, NY 10018
Tel.: (212) 216-8000
Fax: (212) 216-8001
mberkowitz@tarterkrinksy.com
nlippert@tarterkrinsky.com
csturm@tarterkrinsky.com

*Attorneys for Plaintiff*
*Times Three Clothier, LLC*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| TIMES THREE CLOTHIER, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>RACK'S OFFPRICE, RICHARD DWECK, DEBRA DWECK, CHEAP MAGGIE'S, LLC, JOSEPH DWECK and ALAN JACOBS,<br><br>*Defendants*. | Civ. Action No. 22-cv-3013 |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF TIMES THREE CLOTHIER, LLC'S APPLICATION FOR A
TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE BRINGING
ON MOTION FOR PRELIMINARY INJUNCTION**

# TABLE OF CONTENTS

I.    INTRODUCTION ....................................................................................1

II.   FACTUAL BACKGROUND....................................................................2

    A.    Plaintiff Times Three Clothier, LLC and Its Copyrighted Photos........2

    B.    Defendants' Infringing Activities.........................................................3

III.  ARGUMENT............................................................................................6

    A.    Plaintiff Is Likely to Succeed on the Merits of this Action .................7

        i.    Plaintiff Owns Valid Copyrights ................................................7

        ii.   Defendants Have Copied and Continue to Copy
             Plaintiff's Copyrighted Photos without Authorization ..............8

    B.    Plaintiff Will Suffer Irreparable Harm Absent a Temporary
        Restraining Order and Preliminary Injunction....................................9

    C.    The Balance of Hardships Tips Decidedly Toward Plaintiff..............12

    D.    The Requested Injunctive Relief Would Serve the Public
        Interest ...............................................................................................13

IV.   CONCLUSION ......................................................................................14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Apple Computer, Inc. v. Franklin Computer Corp.*,
714 F.2d 1240 (3d Cir. 1983) ............................................................................11

*K.A. ex rel. Ayers v. Pocono Mountain Sch. Dist.*,
710 F.3d 99 (3d Cir. 2013) ..................................................................................6

*Dun & Bradstreet Software Services, Inc. v. Grace Consulting*,
307 F.3d 197 (3d Cir. 2002) .................................................................................7

*Feist Publications, Inc. v. Rural Tel. Serv. Co., Inc.*,
499 U.S. 340 (1991)..............................................................................................7

*Ford Motor Co. v. Summit Motor Prod., Inc.*,
930 F.2d 277 (3d Cir. 1991) .......................................................................7, 8, 9

*Kos Pharm., Inc. v. Andrx Corp.*,
369 F.3d 700 (3d Cir. 2004) ..................................................................10, 12, 13

*Mister Softee, Inc. v. Amanollahi*,
No. 2:14-CV-01687 KM MCA,
2014 WL 3110000 (D.N.J. July 1, 2014) ..........................................................10

*Novartis Consumer Health, Inc. v.
Johnson & Johnson–Merck Consumer Pharm. Co.*,
290 F.3d 578 (3d Cir. 2002) ...............................................................................12

*Nutrasweet Co. v. Vit-Mar Enters., Inc.*,
112 F.3d 689 (3d Cir. 1997) .................................................................................6

*Opticians Ass'n of Am. v. Indep. Opticians of Am.*,
920 F.2d 187 (3d Cir. 1990) .........................................................................10, 12

*Reilly v. City of Harrisburg*,
858 F.3d 173 (3d Cir. 2017) .................................................................................6

*Salinger v. Colting*,
607 F.3d 68 (2d Cir. 2010) .................................................................................10

*Shakespeare Globe Tr. v. Kultur Int'l Films, Inc.*,
No. CV 18-16297, 2019 WL 1760849 (D.N.J. Apr. 22, 2019) ..........................12

*Silvertop Assocs. v. Kangaroo Mfg.*,
319 F. Supp. 3d 754 (D.N.J. 2018) .......................................................................10

*Telebrands Corp. v. NewMetro Design, LLC*,
No. 16-1981, 2016 WL 8999932 (D.N.J. Nov. 10, 2016) ...................................11

*Trefelner ex rel. Trefelner v. Burrell Sch. Dist.*,
655 F. Supp. 2d 581 (W.D. Pa. 2009) ...................................................................6

*Troll Co. ApS, v. Russ Berrie & Co., Inc.*,
290 F.3d 548 (3d Cir. 2002) .................................................................................8

*Value Grp., Inc. v. Mendham Lake Estates, L.P.*,
800 F. Supp. 1228 (D.N.J. 1992) ......................................................................7, 14

*Video Pipeline, Inc. v. Buena Vista Home Ent., Inc.*,
192 F. Supp. 2d 321 (D.N.J. 2002) .......................................................................14

*Warner Bros. Records Inc. v. Walker*,
704 F. Supp. 2d 460 (W.D. Pa. 2010) ..................................................................12

*Winter v. Natural Resources Defense Council, Inc.*,
555 U.S. 7 (2008) .................................................................................................10

## Statutes

17 U.S.C. § 106 .......................................................................................................8

17 U.S.C. § 410(c) ..................................................................................................7

17 U.S.C. § 501(a) ..................................................................................................7

Plaintiff, Times Three Clothier, LLC ("TTC"), by and through its attorneys, Tarter Krinsky & Drogin LLP, respectfully submits this memorandum of law and declaration of Mr. Eric Rothfeld ("Rothfeld Decl.") in support of its application for a temporary restraining order ("TRO") and preliminary injunction ("PI") against Defendants Rack's OffPrice, Richard Dweck, Debra Dweck, Cheap Maggie's, LLC, Joseph Dweck and Alan Jacobs (individually and collectively, "Defendants") for their blatant and intentional misappropriation of Plaintiff's copyrighted works.

## I.    INTRODUCTION

TTC has initiated the present action for copyright infringement under Section 501 of the Copyright Act of 1976.

Central to the copyright infringement aspect of this case are photographs of fashion models wearing TTC's clothing created for and posted by Plaintiff on its website, its social media platforms and on the websites of TTC's authorized brick and mortar and online retailers. In addition, these photographs are used by TTC for marketing and editorial coverage. TTC's photographs are the subject of active and valid copyright registrations obtained and owned by TTC.

Defendants, without TTC's consent or authorization, are reproducing and publicly displaying TTC's copyrighted photographs, in connection with online sales of TTC's branded clothing at deeply discounted prices.

1

Without the Court's immediate action, Defendants will continue to use the copyrighted photos for online sales of TTC's branded clothing to the detriment of TTC. If Defendants are not stopped, TTC will suffer irreparable harm, including the loss of trade.

Accordingly, TTC respectfully requests that the Court temporarily restrain and preliminarily enjoin Defendants' infringing use of TTC's copyrighted photographs.

## II.    FACTUAL BACKGROUND

### A.    Plaintiff Times Three Clothier, LLC and Its Copyrighted Photos

TTC is an independent manufacturer and seller of women's clothing that are marketed, distributed, and sold under the well-known brand names YUMMIE, YUMMIE TUMMIE and YUMMIE BY HEATHER THOMSON (collectively, "YUMMIE Products"). (Rothfeld Decl. ¶ 2.) Over the years, TTC has acquired a prominent reputation for women's clothing. (*Id*. ¶ 3.)

TTC sells YUMMIE Products both through its https://www.yummie.com/ website ("Plaintiff's Website") and to third-party brick and mortar and online authorized retailers. (*Id*. ¶ 4.)

A major part of maintaining and operating Plaintiff's Website includes posting photographs of fashion models wearing YUMMIE Products. (*Id*. ¶ 5.) TTC expends great time, effort, and money to have thousands of proprietary, high-quality

2

photographs of fashion models wearing YUMMIE Products created, which are subsequently posted on Plaintiff's Website, its social media platforms and the websites of retailers who are authorized to use the photographs. (*Id*. ¶ 6.) In addition, TTC's photographs are used for marketing as well as for editorial coverage. (*Id*. ¶ 6.) TTC's photographs are original, creative works in which TTC owns protectable copyright interests. (*Id*. ¶ 7.) Indeed, TTC has obtained active and valid copyright registrations covering thousands of these photographs ("Copyrighted Photos"). (*Id*. ¶ 8); *see also* Registration No. VAu 1-454-891 (Exhibit A[1]); Registration No. VAu 1-466-094 (Exhibit B); Registration No. VAu 1-466-135 (Exhibit C); and Registration No. VAu 1-461-304 (Exhibit D). TTC currently is, and has been, the sole owner of all right, title and interest in and to the Copyrighted Photos. (*Id*. ¶ 9.)

## B.     Defendants' Infringing Activities

Defendants are in the business of selling women's branded clothing at deeply discounted prices, including YUMMIE Products, the vast majority of which are not purchased directly from TTC. (*Id*. ¶ 10.)  A large selection of YUMMIE Products are sold by Defendants through the https://racksoffprice.com/ website ("the Rack's Website"), as well as through selling pages, listings, and offers for sale by Rack's OffPrice of YUMMIE Products on third party platforms, including those made

---

[1] All exhibits referenced herein are attached to the Rothfeld Declaration, submitted herewith.

available on eBay.com ("eBay") and Bonanza.com ("Bonanza") (individually and collectively, "Third Party Platforms"). (*Id*. ¶ 11.) Such online sales using TTC's Copyrighted Photos are ***unauthorized*** by TTC. (*Id*. ¶ 12; *see also* Compl. ¶¶ 21–31.) Nonetheless, the Rack's Website and listings on Third Party Platforms are popular and lucrative commercial enterprises—Defendants profit from the sale of YUMMIE Products to the public through these platforms.

Without authorization, Defendants have taken TTC's Copyrighted Photos of YUMMIE Products directly from TTC's Website and reproduced and publicly displayed copies on the Rack's Website and listings on Third Party Platforms.[2] (*Id*. ¶ 13.) For example, the following image used by Defendants to advertise the "Yummie Black Boyfriend Yummie Tummie 3-Panel Shaping Tank" is identical to one of Plaintiff's Copyrighted Photos used by Plaintiff on Plaintiff's Website:

---

[2] Charts showing the comparison between an exemplary, non-exhaustive selection of TTC's Copyrighted Photos and web pages from the Rack's Website and Third Party Platforms displaying Plaintiff's Copyrighted Photos are attached to the Rothfeld Declaration as Exhibit E (Rack's Website), Exhibit F (eBay), and Exhibit G (Bonanza).

**"Boyfriend Yummie Tummie 3-Panel Shaping Tank" on Plaintiff's Website (Photo covered by Registration No. VAu 1-454-891)**



**"Yummie Black Boyfriend Yummie Tummie 3-Panel Shaping Tank" on Rack's Website (*see also* Exhibit E)**



In view of the above, it is clear that Defendants have used, and continue to use, identical copies of TTC's Copyrighted Photos without authorization from TTC to sell YUMMIE Products in competition with TTC and to improperly derive

5

revenues and profits and otherwise benefit from the infringement of TTC's Copyrighted Photos.

## III.    ARGUMENT

The standard for entry of a preliminary injunction is well established—the moving party must show: "(1) that they are reasonably likely to prevail eventually in the litigation and (2) that they are likely to suffer irreparable injury without relief. If these two threshold showings are made the District Court then considers, to the extent relevant, (3) whether an injunction would harm the [defendants] more than denying relief would harm the plaintiffs and (4) whether granting relief would serve the public interest." *K.A. ex rel. Ayers v. Pocono Mountain Sch. Dist.*, 710 F.3d 99, 105 (3d Cir. 2013) (quoting *Tenafly Eruv Ass'n v. Borough of Tenafly*, 309 F.3d 144, 157 (3d Cir. 2002) (alteration in original)); *see also Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017).

The standard for granting a temporary restraining order is the same as that for a preliminary injunction. *See Nutrasweet Co. v. Vit-Mar Enters., Inc.*, 112 F.3d 689, 693 (3d Cir. 1997); *see also Trefelner ex rel. Trefelner v. Burrell Sch. Dist.*, 655 F. Supp. 2d 581, 589 (W.D. Pa. 2009) ("The standard used to evaluate whether the issuance of a temporary restraining order is warranted is the same as that used to evaluate whether the issuance of a preliminary injunction is appropriate.").

As set forth below, each of the requisite elements weighs in favor of the granting of a temporary restraining order and a preliminary injunction.

## A.    Plaintiff Is Likely to Succeed on the Merits of this Action

"Anyone who violates any of the exclusive rights of the copyright owner . . . is an infringer of the copyright . . ." 17 U.S.C. § 501(a).

To succeed on the merits of a direct copyright infringement claim "a plaintiff must establish: (1) ownership of a valid copyright; and (2) unauthorized copying of original elements of the plaintiff's work." *Dun & Bradstreet Software Services, Inc. v. Grace Consulting*, 307 F.3d 197, 206 (3d Cir. 2002); *see also Feist Publications, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991).

### i.    Plaintiff Owns Valid Copyrights

Ownership of a valid copyright is presumptively established by evidence of a copyright registration. *See Value Grp., Inc. v. Mendham Lake Estates, L.P.*, 800 F. Supp. 1228, 1232 (D.N.J. 1992); *Ford Motor Co. v. Summit Motor Prod., Inc.*, 930 F.2d 277, 290–91 (3d Cir. 1991) ("Certificates of registration issued by the U.S. Copyright Office constitute prima facie evidence of the validity and ownership of the material."); 17 U.S.C. § 410(c) ("In any judicial proceedings the certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate.").

7

Plaintiff owns valid copyrights in each of the Copyrighted Photos—Plaintiff obtained certificates of registration for the Copyrighted Photos before first publication. (*See* Rothfeld Decl. ¶ 8; *see also* Exhibits A–D.) Accordingly, Plaintiff's copyright registrations for its Copyrighted Photos create *prima facie* evidence that the copyrights are valid, their subject matter is copyrightable, and that Plaintiff is the owner thereof.

### ii.    Defendants Have Copied and Continue to Copy Plaintiff's Copyrighted Photos without Authorization

"Copying is proven by showing not only that the defendant had access to a copyrighted work, but also that there are substantial similarities between the two works." *Dam Things from Denmark, a/k/a Troll Co. ApS, v. Russ Berrie & Co., Inc.*, 290 F.3d 548, 561–62 (3d Cir. 2002); *see also Ford Motor Co.*, 930 F.2d at 291 ("[C]opying is demonstrated when someone who has access to a copyrighted work uses material substantially similar to the copyrighted work in a manner which interferes with a right protected by 17 U.S.C. § 106.").

The Third Circuit has further employed a two-step analysis to determine whether there are substantial similarities between the two works: (i) whether there is sufficient similarity between the two works in question to conclude that the alleged infringer used the copyrighted work in making his own; and (ii) whether a lay observer would conclude, in looking at the works, that copying had occurred. *Dam Things*, 290 F.3d at 562.

8

In the instant matter, there is no doubt that Defendants had "access" to TTC's Copyrighted Photos through Plaintiff's Website. Indeed, proof of access requires only an opportunity to view or to copy plaintiff's copyrighted work. *See, e.g.*, *Ford Motor Co.*, 930 F.2d at 294 (proof of access established by the appearance of the protected image in national advertisements).

Furthermore, the identical images of TTC's Copyrighted Photos displayed by Defendants on the Rack's Website and Third Party Platforms is obvious from simple side-by-side comparisons. (*See, e.g.*, Exhibits E–G.) There is simply no way the likeness can arise by coincidence. Based on these representations, it is clear, and there can be no dispute that the images used by Defendants in connection with the sale of YUMMIE Products were copied from and are identical to Plaintiff's Copyrighted Photos displayed on Plaintiff's Website.

Accordingly, Plaintiff has demonstrated a reasonable probability of success on the merits of its copyright infringement claim because it is the owner of valid copyrights in the Copyrighted Photos, which Defendants have copied and continue to copy.

**B.    Plaintiff Will Suffer Irreparable Harm Absent a Temporary Restraining Order and Preliminary Injunction**

Plaintiff will suffer irreparable harm from Defendants' infringing use of its intellectual property if an injunction does not issue.

9

A plaintiff seeking preliminary injunctive relief must "demonstrate that irreparable injury is likely in the absence of an injunction." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008). "Harm is considered 'irreparable' if it is not redressable by money damages at a later date, in the ordinary course of litigation." *Mister Softee, Inc. v. Amanollahi*, No. 2:14-CV-01687 KM MCA, 2014 WL 3110000, at *14 (D.N.J. July 1, 2014) (citing *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989)).

The Third Circuit has recognized that "[g]rounds for finding irreparable injury include loss of control of reputation, loss of trade, and loss of good will." *Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F.2d 187, 195 (3d Cir. 1990); *see Salinger v. Colting*, 607 F.3d 68, 81 (2d Cir. 2010) ("In the context of copyright infringement cases, the harm to the plaintiff's property interest has often been characterized as irreparable in light of possible market confusion."); *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 726 (3d Cir. 2004).

"Although a prima facie case for copyright infringement, alone, does not create a presumption of irreparable injury . . . irreparable harm may be based on past and future infringement if a plaintiff can demonstrate a threat of future infringement 'beyond mere conclusory allegations.'"[3] *Silvertop Assocs. v. Kangaroo Mfg.*, 319 F.

---

[3] Traditionally, a showing of a prima facie case of copyright infringement or reasonable likelihood of success on the merits raised a presumption of irreparable harm negating the need for a plaintiff to affirmatively prove it has suffered

10

Supp. 3d 754, 769 (D.N.J. 2018) (quoting *Telebrands Corp. v. NewMetro Design, LLC*, No. 16-1981, 2016 WL 8999932, at \*17 (D.N.J. Nov. 10, 2016)).

Here, Defendants' positing of identical copies of Plaintiff's Copyrighted Photos on the Rack's Website and Third Party Platforms, in connection with the unauthorized online sale of YUMMIE Products, creates a fictitious association with Plaintiff and confuses consumers about the origin, sponsorship, or endorsement of Defendants' products. Thus, if an injunction were not issued, Defendants will continue to display Plaintiff's Copyrighted Photos, depriving Plaintiff of exclusive control of its intellectual property and potentially creating reputational harm. This kind of reputational harm would likely be irreparable, making injunctive relief necessary. *See Telebrands Corp.*, 2016 WL 8999932, at \*18 (finding that the threat of future copyright infringement "with the attendant loss of control of reputation, trade, and good will" constitutes irreparable injury). Furthermore, such loss of control over Plaintiff's intellectual property has the strong potential to destroy the substantial investment of time, money, and effort that Plaintiff has invested in the Copyrighted Photos, and its YUMMIE brand as a whole.

Thus, the damage to the goodwill that Plaintiff has developed in its copyrighted works is both past and prospective, and cannot be fully redressed by

---

irreparable harm. *Apple Computer, Inc. v. Franklin Computer Corp.*, 714 F.2d 1240, 1254 (3d Cir. 1983).

monetary damages. Defendants have given no indication that they intend to cease their deliberately unlawful infringing activities. Under these circumstances, the irreparable harm to Plaintiff is certain, and this Court should grant injunctive relief accordingly.

### C.    The Balance of Hardships Tips Decidedly Toward Plaintiff

Courts in this Circuit have held that "the balance [of hardships] weighs strongly in favor of [an injunction] where all that is requested is that Defendant comply with the Copyright Act." *Warner Bros. Records Inc. v. Walker*, 704 F. Supp. 2d 460, 469 (W.D. Pa. 2010) (alterations in original).

Moreover, when the potential harm to each party is weighed, a party "can hardly claim to be harmed, since it brought any and all difficulties occasioned by the issuance of an injunction upon itself." *Opticians*, 920 F.2d at 197; *see Kos Pharm.*, 369 F.3d at 728. Thus, the irreparable injury a defendant might suffer if an injunction were to be imposed must be discounted by the fact that the defendant brought that injury upon himself. *Novartis Consumer Health, Inc. v. Johnson & Johnson – Merck Consumer Pharm. Co.*, 290 F.3d 578, 596 (3d Cir. 2002); *Shakespeare Globe Tr. v. Kultur Int'l Films, Inc.*, No. CV 18-16297, 2019 WL 1760849, at *5 (D.N.J. Apr. 22, 2019) (balance of harm weighed in favor of plaintiff where Defendants would not be harmed by an injunction preventing them from selling Plaintiff's copyrighted works because "Defendants sell many other products, so any harm to its total sales

12

would be small"). Finding differently "would allow a knowing infringer [that] constructs its business around its infringement to avoid an injunction by claiming it would have a devastating effect on that business, a result we cannot condone." *Kos Pharm.*, 369 F.3d at 728–29 (internal quotations omitted).

Here the balance of equities tips heavily in favor of granting injunctive relief. Defendants have blatantly copied Plaintiff's Copyrighted Photos and have used those protected works for their own financial and business gain. Defendants would not be enjoined from selling YUMMIE Products – the injunction would only prohibit posting TTC's copyrighted photos to enable such sales. Simply stated, Defendants will not suffer irreparable harm by the issuance of an injunction.

To the extent Defendants can show any harm suffered by the grant of an injunction (they cannot), the injury would be wholly brought about by Defendants' own unlawful actions, and thus, must be discounted by this Court Accordingly, this Court should find that the balance of equities warrants the grant of an injunction.

### D.    The Requested Injunctive Relief Would Serve the Public Interest

Public interest favors the grant of a preliminary injunction in this case. There is nothing to indicate that the public would be disserved by granting an injunction against Defendants' deceptive conduct. In fact, the Third Circuit has explicitly held that injunctions aimed at upholding the rights of copyright owners further the public interest:

13

> Since Congress has elected to grant certain exclusive rights to the owner of a copyright in a protected work, it is virtually axiomatic that the public interest can only be served by upholding copyright protections and, correspondingly, preventing the misappropriation of the skills, creative energies, and resources which are invested in the protected work.

*Video Pipeline, Inc. v. Buena Vista Home Ent., Inc.*, 192 F. Supp. 2d 321, 347 (D.N.J. 2002) (quoting *Apple Computer*, 714 F.2d at 1255). Simply put, "[t]he public has no interest in permitting one company to copy another company's work." *Value Grp., Inc. v. Mendham Lake Ests., L.P.*, 800 F. Supp. 1228, 1234 (D.N.J. 1992).

Defendants have intentionally and unlawfully copied Plaintiff's Copyrighted Photos to improperly enhance their sales of YUMMIE Products. Such conduct should not be countenanced by this Court, particularly where, as here, TTC has invested significant efforts and expense in the development of the Copyrighted Photos and its YUMMIE brand as a whole.

Because the public interest is furthered by enforcing Plaintiff's rights as the owner of valid copyrights, the Court should grant Plaintiff's request for a preliminary injunction.

## IV.   CONCLUSION

For the foregoing reasons, TTC respectfully requests that the Court grant its application and enjoin Defendants from taking further actions that have caused, and will continue to cause, irreparable injury to Plaintiff. Specifically, Defendants should be enjoined from, *inter alia*, using or displaying copies of Plaintiff's Copyrighted

14

Photos in connection with the sale of YUMMIE Products. Any other result would cause a substantial and irreparable harm to Plaintiff.

Dated: May 24, 2022                        Respectfully submitted,

                                           TARTER KRINSKY & DROGIN LLP

                                           By: *s/ Mark Berkowitz*
                                               Mark Berkowitz

                                               Nels T. Lippert, *pro hac vice to be filed*
                                               Chandler Sturm, *pro hac vice to be filed*
                                               1350 Broadway
                                               New York, NY 10018
                                               Tel.:   (212) 216-8000
                                               Fax:    (212) 216-8001
                                               E-mail:  mberkowitz@tarterkrinsky.com
                                                        nlippert@tarterkrinsky.com
                                                        csturm@tarterkrinsky.com

                                               ***Attorneys for Plaintiff***
                                               ***Times Three Clothier, LLC***