TARTER KRINSKY & DROGIN LLP
Mark Berkowitz
Nels T. Lippert, *admitted pro hac vice*
Chandler Sturm, *admitted pro hac vice*
1350 Broadway
New York, NY 10018
Tel.: (212) 216-8000
Fax: (212) 216-8001
mberkowitz@tarterkrinksy.com
nlippert@tarterkrinsky.com
csturm@tarterkrinsky.com

*Attorneys for Plaintiff*
*Times Three Clothier, LLC*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TIMES THREE CLOTHIER, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>RACK'S OFFPRICE, RICHARD DWECK, DEBRA DWECK, CHEAP MAGGIE'S, LLC, JOSEPH DWECK and ALAN JACOBS,<br><br>*Defendants*. | Civ. Action No. 22-cv-3013-KM-MAH |

**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFF TIMES THREE CLOTHIER, LLC'S MOTION FOR LEAVE TO**
**CONDUCT EXPEDITED DISCOVERY**

007270\37\130176432.v3

# **TABLE OF CONTENTS**

I.      INTRODUCTION ................................................................................................ 1

II.     BACKGROUND................................................................................................. 2

III.    STANDARD OF REVIEW................................................................................. 5

IV.     ARGUMENT ..................................................................................................... 6

V.      CONCLUSION ................................................................................................ 10

ii

007270\37\130176432.v3

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adobe Sys. Inc. v. Bunhey*,
No. EDCV131365VAPOPX, 2013 WL 12140304
(C.D. Cal. Oct. 29, 2013)......................................................................................8

*Alstom Power, Inc. v. Graham*,
No. 3:15-cv-174, 2016 WL 354754
(E.D. Va. Jan. 27, 2016) .......................................................................................7

*Antoine v. Boutte*,
No. CV 15-561-JWD-EWD, 2016 WL 6138252
(M.D. La. Oct. 20, 2016) ......................................................................................8

*Arista Records, LLC v. Does 1-4*,
No. 1:07-cv-1115, 2007 WL 4178641
(W.D. Mich. Nov. 20, 2007)..................................................................................9

*Better Packages, Inc. v. Zheng*,
No. CIV.A. 05-4477 (SRC), 2006 WL 1373055
(D.N.J. May 17, 2006) ..........................................................................................5

*Capitol Records, Inc. v. Doe*,
No. 07-cv-1570-JM (POR), 2007 WL 2429830
(S.D. Cal. Aug. 24, 2007) .....................................................................................9

*Fonovisa, Inc. v. Does 1-9*,
No. 07-1515, 2008 WL 919701 (W.D. Pa. Apr. 3, 2008) ....................................9

*Living Scriptures v. Doe(s)*,
No. 1:10 cv 0182 DB, 2010 WL 4687679
(D. Utah Nov. 10, 2010) .......................................................................................9

*Nutrition Distrib. LLC v. Ironx LLC*,
No. 17-CV-839, 2017 WL 4391709
(S.D. Cal. Oct. 3, 2017) ........................................................................................7

*Strike 3 Holdings, LLC v. Doe*,
   No. 18-2674, 2020 WL 3567282
   (D.N.J. June 30, 2020) ...................................................................................6

*Texas Guaranteed Student Loan Corp. v. Dhindsa*,
   No. 110-CV-00335-LJO-SKO, 2010 WL 2353520
   (E.D. Cal. June 9, 2010)..................................................................................8

*Twitch Interactive, Inc. v. Johnston*,
   No. 16-CV-03404-BLF, 2017 WL 1133520
   (N.D. Cal. Mar. 27, 2017)...............................................................................7

*William A. Graham Co. v. Haughey*,
   568 F.3d 425 (3d Cir. 2009) ...........................................................................6

**Statutes and Rules**

17 U.S.C. § 504(b) ................................................................................................6

Fed. R. Civ. P. 12 .................................................................................................3

Fed. R. Civ. P. 26(d) .........................................................................................1, 5

Fed. R. Civ. P. 26(f).........................................................................................4, 5

Fed. R. Civ. P. 45 ................................................................................................2

iv

Pursuant to Federal Rule of Civil Procedure 26(d), Plaintiff, Times Three Clothier, LLC ("TTC"), by and through its attorneys, Tarter Krinsky & Drogin LLP, respectfully submits this memorandum of law and declaration of Nels T. Lippert ("Lippert Decl.") in support of its motion for leave to conduct expedited discovery on Defendants Racks OffPrice and Cheap Maggie's, LLC and third-party online selling platforms, namely eBay Inc. ("eBay") and Bonanza (collectively, "Third Party Platforms").

## I.    INTRODUCTION

TTC initiated this action for copyright infringement against Defendants Rack's OffPrice, Richard Dweck, Debra Dweck, Cheap Maggie's, LLC, Joseph Dweck, and Alan Jacobs (collectively, "Defendants") based on their unauthorized reproduction and public display of TTC's copyrighted photographs in connection with online sales of TTC's YUMMIE-branded clothing ("YUMMIE Products"). (*See* ECF No. 1, "Compl.".)

Defendants have failed to appear in this action, thus denying TTC the opportunity for discovery to obtain and enforce the relief to which it is entitled. Only with expedited discovery on Defendants' sales of YUMMIE Products in connection with the unauthorized use of TTC's Copyrighted Photos will TTC be able to ascertain the extent of its damages.

1

007270\37\130176432.v3

In order to present the Court with a more complete record on which to consider TTC's forthcoming motion for default judgment, TTC requests the Court's leave to seek discovery from Rack's OffPrice and Cheap Maggie's, LLC directly, and third-party platforms, including eBay and Bonanza, pursuant to Fed. R. Civ. P. 45.

## II.    BACKGROUND

TTC is a prominent independent manufacturer and seller of women's clothing, (Compl. ¶ 13; Declaration of Eric Rothfeld, [1] "Rothfeld Decl." ¶¶ 2–3.) TTC expends great time, effort, and money to have thousands of proprietary, high-quality photographs of fashion models wearing YUMMIE Products, thousands of which are covered by valid copyright registrations ("Copyrighted Photos"). (Compl. ¶¶ 15–17; Rothfeld Decl. ¶¶ 6–8.) TTC currently is, and has been, the sole owner of all right, title and interest in and to the Copyrighted Photos. (Compl. ¶ 18; Rothfeld Decl. ¶ 9.)

Without TTC's consent or authorization, Defendants have reproduced and publicly displayed—and continue to reproduce and publicly display—copies of TTC's Copyrighted Photos in connection with online sales of TTC's YUMMIE-branded clothing at discounted prices.[2] (Compl. ¶ 25; Rothfeld Decl. ¶¶ 10, 12–13.)

---

[1] The Declaration of Eric Rothfeld (ECF No. 3-2; "Rothfeld Decl.") was filed concurrently with TTC's Application for a Temporary Restraining Order and Order to Show Cause Bringing on Motion for Preliminary Injunction (ECF No. 3).

[2] Charts showing the comparison between an exemplary, non-exhaustive selection of TTC's Copyrighted Photos and true and correct copies of web pages from the

2

A large selection of YUMMIE Products are sold by Defendants through the https://racksoffprice.com/ website ("the Rack's Website"), as well as through selling pages, listings, and offers for sale through a "Rack's OffPrice" storefront on third party platforms, including those made available on eBay.com ("eBay") and Bonanza.com ("Bonanza") (individually and collectively, "Third Party Platforms"). (Compl. ¶¶ 21–23; Rothfeld Decl. ¶ 11.)

TTC commenced this action on May 24, 2022 against Defendants, seeking damages and injunctive relief for copyright infringement. (*See* ECF No. 1.) Copies of the summons and Complaint, with corresponding exhibits, were personally served on Defendants Rack's OffPrice and Cheap Maggie's, LLC on May 26, 2022; and Defendants Richard Dweck, Debra Dweck, Joseph Dweck, and Alan Jacobs on May 27, 2022. (ECF No. 32-1, Declaration of Mark Berkowitz in Support of the Request for the Entry of Default, ¶ 4). Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendants were required to respond to the Complaint within 21 days of service, i.e., Rack's OffPrice and Cheap Maggie's, LLC by June 16, 2022; and Richard Dweck, Debra Dweck, Joseph Dweck, and Alan Jacobs by June 17, 2022. (*Id*. ¶ 5.) Defendants did not answer or otherwise respond to the Complaint. (*Id*. ¶ 6.) On July 11, 2022, TTC filed a Request for the Entry of Default (ECF No.

---

Rack's Website and Third Party Platforms displaying Plaintiff's Copyrighted Photos were attached to the Complaint (ECF No. 1) as Exhibit H (Rack's Website), Exhibit I (eBay), and Exhibit J (Bonanza).

32), which was entered by the Clerk of the Court on July 12, 2022. (Lippert Decl. ¶ 7.)

Now that default has been entered as to all Defendants, TTC anticipates filing a motion for default judgment in which TTC will request an award of damages, injunctive relief, as well as other relief. (Lippert Decl. ¶ 8.) However, as none of the Defendants, or counsel representing them, have appeared in the action, it has not been possible for TTC to schedule a Rule 26(f) conference, thereby precluding TTC from taking formal discovery.

Known to TTC are the Rack's Website and "Rack's OffPrice" storefronts on Bonanza and eBay that utilize the Copyrighted Photos to improperly enhance Defendants' sales of YUMMIE Products. (Rothfeld Decl. ¶ 11.) From what TTC can tell, there are currently thousands of listings of YUMMIE Products for sale collectively across these online platforms, a majority of which presumably utilize the Copyrighted Photos to improperly enhance Defendants' sales of YUMMIE Products. (Lippert Decl. ¶ 9.)

However, unknown to TTC is the scope of such infringement. TTC cannot discern what other listings, if any, are no longer active and have been taken down after the sale of the YUMMIE Product then-listed. (*Id.* ¶ 10.) Nor does TTC have any indication of the sales and/or profits improperly reaped from the listings of YUMMIE Products using TTC's Copyrighted Photos. (*Id.*) Therefore, TTC desires

4

007270\37\130176432.v3

to serve discovery on Defendants Rack's OffPrice and Cheap Maggie's, LLC, and non-parties, eBay and Bonanza, narrowly tailored and limited to the issue of damages, specifically, information and documents relating to the sales of YUMMIE Products on the Rack's Website and "Rack's OffPrice" storefronts. (*Id.* ¶ 11.) Without this information, TTC will not be afforded the opportunity to recover any monetary award that the Court may order in connection with TTC's forthcoming motion for a default judgment. (*Id.* ¶ 15.)

## III.    STANDARD OF REVIEW

Rule 26(d)(1) of the Federal Rules of Civil Procedure provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." However, discovery may proceed without such a conference when "authorized by the [Federal Rules of Civil Procedure], by stipulation, or by court order." *Id*. Under the relevant case law, a Court, for the convenience of the parties and in the interests of justice, may grant leave to conduct discovery prior to that conference. *Better Packages, Inc. v. Zheng*, No. CIV.A. 05-4477 (SRC), 2006 WL 1373055, at *2 (D.N.J. May 17, 2006).

Generally, this Court applies a "good cause" standard to motions for expedited discovery and considers the totality of the circumstances to discern whether the need for expedited discovery, in consideration of the administration of justice, outweighs

5

the prejudice to the responding party. *See, e.g., Strike 3 Holdings, LLC v. Doe*, No. 18-2674, 2020 WL 3567282, at \*4–5 (D.N.J. June 30, 2020).

## IV. ARGUMENT

Considering the totality of the record and surrounding circumstances, good cause exists to grant TTC's request to serve limited discovery to assist TTC in its efforts to establish damages suffered in connection with Defendants' unauthorized use of TTC's Copyrighted Photos in online listings of YUMMIE Products.

In addition to the recovery of actual damages, copyright holders are entitled to recover "any profits of the infringer that are attributable to the infringement . . .. In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue." 17 U.S.C. § 504(b). Here, TTC seeks to recover the profits earned from Defendants' sales of YUMMIE Products that were, and continue to be, enhanced by the reproduction and display of TTC's Copyrighted Photos. *See William A. Graham Co. v. Haughey*, 568 F.3d 425, 442 (3d Cir. 2009) (copyright holder may recover profits earned not by selling an infringing product, but rather earned from the infringer's operations that were enhanced by the infringement). Indeed, there is no doubt that the use of TTC's Copyrighted Photos is a, if not the only, factor in Defendants' sales of YUMMIE Products. *See eBay Selling Practices Policy*, https://www.ebay.com/help/policies/selling-policies/selling-practices-policy?id=4346 (last visited July 18, 2022) ("Along with

6

the description, photos are the most important part of a listing. Photos help buyers to see exactly what they're getting as well as specific details they may be looking for."). However, by failing to appear, Defendants have effectively prevented TTC from initiating discovery regarding Defendants' gross revenue. Now that default has been entered with respect to all Defendants, TTC's only remaining course of action is to seek entry of default judgment. Absent limited discovery on Defendants' revenues, TTC will not have the fair opportunity to establish damages in its anticipated motion.

Many courts have found that good cause exists in cases where a defendant has failed to appear, resulting in the entry of default against the defendant, and the plaintiff is in need of evidence to establish damages. *See Twitch Interactive, Inc. v. Johnston*, No. 16-CV-03404-BLF, 2017 WL 1133520, at *2 (N.D. Cal. Mar. 27, 2017); *Alstom Power, Inc. v. Graham*, No. 3:15-cv-174, 2016 WL 354754, at *3 (E.D. Va. Jan. 27, 2016) (permitting discovery before the filing of a motion for default judgment because doing so "best serves judicial economy" where the plaintiff "will have to make the appropriate showing of damages in its eventual motion for default judgment"); *Nutrition Distrib. LLC v. Ironx LLC*, No. 17-CV-839, 2017 WL 4391709, at *2 (S.D. Cal. Oct. 3, 2017) (granting the plaintiff leave to conduct "discovery to ascertain the existence and amount of damages" after the

7

entry of default and in connection with the plaintiff's forthcoming motion for default judgment).

Likewise, here, the Court should find that there is "good cause" for TTC to serve limited discovery on Defendants Cheap Maggie's LLC and Rack's OffPrice, as well non-parties eBay and Bonanza, to enable TTC to prove its damages. *See, e.g.*, *Texas Guaranteed Student Loan Corp. v. Dhindsa*, No. 110-CV-00335-LJO-SKO, 2010 WL 2353520, at *3 (E.D. Cal. June 9, 2010) (finding good cause to seek discovery from a defaulting defendant because the defendant was "the only person who had the wage information required to calculate Plaintiff's damages"); *Antoine v. Boutte*, No. CV 15-561-JWD-EWD, 2016 WL 6138252, at *4 (M.D. La. Oct. 20, 2016) (finding good cause to seek discovery from third-parties associated with defendant because plaintiff bore the burden of showing damages and defendant's failure to appear "deprived Plaintiff of the ability to issue discovery to Defendant in order to obtain information relating to damages suffered by Plaintiff"); *Adobe Sys. Inc. v. Bunhey*, No. EDCV131365VAPOPX, 2013 WL 12140304, at *1 (C.D. Cal. Oct. 29, 2013) (plaintiff established good cause to warrant expedited discovery from third parties to support an anticipated motion for default judgment and a claim for damages).

Further, the need to preserve evidence from spoliation merits an order granting TTC the permission to serve expedited discovery on Defendants and the

8

specific Third-Party Platforms. The Third-Party Platforms, eBay and Bonanza, are likely in possession of relevant information relating to Defendants' sales, but are under no obligation to preserve or share such information with TTC. If TTC can send formal discovery to such known Third-Party Platforms, it can collect this information before it is permanently lost. *See, e.g.*, *Fonovisa, Inc. v. Does 1-9*, No. 07-1515, 2008 WL 919701, at *10 n.22 (W.D. Pa. Apr. 3, 2008) (finding good cause when physical evidence may be consumed or destroyed with the passage of time, thus causing one or more parties to be disadvantaged); *Living Scriptures v. Doe(s)*, No. 1:10 cv 0182 DB, 2010 WL 4687679, at *1–2 (D. Utah, Nov. 10, 2010) (granting leave to serve expedited third-party subpoenas to eBay and Paypal, noting that "the information Plaintiff seeks is transitory in nature"); *Arista Records, LLC v. Does 1-4*, No. 1:07-cv-1115, 2007 WL 4178641, at *1 (W.D. Mich. Nov. 20, 2007) (finding that good cause to order expedited discovery is typically found upon allegations of infringement and a danger that third parties "will not preserve the information sought"); *Capitol Records, Inc. v. Doe*, No. 07-cv-1570-JM (POR), 2007 WL 2429830, at *1 (S.D. Cal. Aug. 24, 2007) (expedited discovery was proper in consideration of the danger that a third party in possession of potentially important information would not preserve the information that the plaintiffs sought).

Indeed, Plaintiff's requested discovery is narrowly tailored and limited to the assessment of damages. TTC seeks leave to serve discovery on Defendants Cheap

9

Maggie's, LLC and Rack's OffPrice and non-parties eBay and Bonanza. (Lippert Decl. ¶ 11.) Such discovery will be specifically targeted to sales information relating to the listings of YUMMIE Products through the Rack's Website and Rack's OffPrice eBay and Bonanza storefronts, from January 1, 2022 to present. (*Id.* ¶ 12.) Specifically, TTC seeks to request transaction records and other information that would allow TTC to establish the specific number of units sold and the dollar amounts of Defendants' sales of YUMMIE Products through the Rack's Website and the Rack's OffPrice storefronts on eBay and Amazon. (*Id.* ¶ 13.) The sole purpose of this discovery is to obtain evidence that would allow TTC to prove its damages in its anticipated motion for default judgment. (*Id.* ¶ 14.)

Given the entirety of the record and the surrounding circumstances, TTC's request for limited expedited discovery is reasonable. Defendants have defaulted and otherwise failed to appear in this action. If expedited discovery is not granted, Defendants will be able to use their default and failure to appear to their advantage, in effect hiding the full extent of their infringing activities and hindering TTC's ability to collect potential damages.

## V.    CONCLUSION

For the foregoing reasons, TTC respectfully requests that this Court grant this Motion permitting TTC to take discovery from Defendants Cheap Maggie's, LLC

10

and Rack's OffPrice, and non-parties eBay and Bonanza, directly targeted to the assessment of damages.

Dated: July 19, 2022                    Respectfully submitted,

                                        TARTER KRINSKY & DROGIN LLP

                                        By: *s/ Mark Berkowitz*
                                            Mark Berkowitz
                                            Nels T. Lippert, *admitted pro hac vice*
                                            Chandler Sturm, *admitted pro hac vice*
                                            1350 Broadway
                                            New York, NY 10018
                                            Tel.:    (212) 216-8000
                                            Fax:    (212) 216-8001
                                            E-mail:   mberkowitz@tarterkrinsky.com
                                                      nlippert@tarterkrinsky.com
                                                      csturm@tarterkrinsky.com

                                        ***Attorneys for Plaintiff***
                                        ***Times Three Clothier, LLC***

11

007270\37\130176432.v3