UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| TIMES THREE CLOTHIER, LLC, | : | Civil Action No. 22-3013 (KM) (MAH) |
|  | : |  |
| **Plaintiff,** | : |  |
|  | : |  |
| v. | : | OPINION |
|  | : |  |
| RACK'S OFFPRICE, et al., | : |  |
|  | : |  |
| **Defendants.** | : |  |

## I.      INTRODUCTION

This matter comes before the Court by way of Plaintiff Times Three Clothier, LLC's ("Plaintiff") motion for leave to conduct expedited discovery.  Mot. for Discovery, July 19, 2022, D.E. 33.  Plaintiff seeks discovery on two Defendants:  Racks OffPrice and Cheap Maggie's, LLC; and two third-party online sales platforms:  eBay Inc. and Bonanza (together "Third Party Platforms").  Pl.'s Br. in Supp., July 19, 2022, D.E. 33-1, at p. 1.  Defendants have not filed a brief in opposition.  The Court has reviewed Plaintiff's submissions and, pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1, decides the motion without oral argument.  For the reasons set forth below, the Court will grant the motion.

## II.      BACKGROUND

Plaintiff is a New York limited liability company that manufactures women's clothing. Compl., May 24, 2022, D.E. 1, at ¶¶ 1, 13.  Plaintiff sells its products on its own website, as well as "through third party brick and mortar and online retailers."  Id. at ¶¶ 13-14.  Plaintiff initiated this matter by filing a Complaint against Defendants Rack's OffPrice, Cheap Maggie's LLC, Richard Dweck, Debra Dweck, Joseph Dweck, and Alan Jacobs (collectively "Defendants") on May 24, 2022.  Id.  The Complaint alleges that Defendants infringed upon Plaintiff's copyrights

"by selecting, copying and publicly displaying Plaintiff's Copyrighted Photos of fashion models wearing [Plaintiff's] YUMMIE[-brand] Products on the Rack's Website," a website owned and operated by Defendants, and third-party platforms.  Id. at ¶¶ 4, 24-25, 28.  Plaintiff raises one claim of copyright infringement, 17 U.S.C. § 501, against Defendants.  Id. at ¶¶ 31-39.

The Undersigned has not convened a scheduling conference pursuant to Federal Rule of Civil Procedure 16 in this matter, as Defendants (up to and including the date of this Opinion) have not answered or otherwise responded to the Complaint.[1]  At Plaintiff's request, the Clerk of Court entered default against Defendants on July 12, 2022.  Pl.'s Request for Default, July 11, 2022, D.E. 32; Clerk's Entry of Default, July 12, 2022.  One week later, on July 19, 2022, Plaintiff filed the instant motion.  Mot. for Discovery, D.E. 33.  Plaintiff anticipates filing a motion for default judgment against Defendants and seeks expedited discovery to "ascertain the extent of its damages."  Pl.'s Br. in Supp., D.E. 33-1, at pp. 1-2.  The Court considers the motion unopposed.

### III.   LEGAL STANDARD AND ANALYSIS

Federal Rules of Civil Procedure 16 and 26 set forth the discovery process framework. Rule 26(f)(1) provides "[e]xcept in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B) or when the court orders otherwise, the parties must meet and confer as soon as practicable" to create a plan for discovery.  The assigned judge, after "receiving the parties' report under Rule 26(f)" or "consulting with the parties' attorneys and any unrepresented parties at a scheduling conference," must then issue a pretrial scheduling order that limits the time to

---

[1]  On July 27, 2022, the Honorable Kevin McNulty, United States District Judge, held a hearing on Plaintiff's application for a temporary restraining order enjoining Defendants from using Plaintiff's copyrighted works.  Preliminary Injunction Order, July 28, 2022, D.E. 36, at p. 2. Apart from Plaintiff, Defendant Jacobs appeared pro se.  Id.  Jacobs "voluntarily agreed on the record to cease using the subject photographs within 14 days," but has not answered or otherwise responded to the Complaint.  Id.

complete discovery.  Fed. R. Civ. P. 16(b)(1) and (3)(A).  A litigant generally "may not seek

discovery from any source before the parties have conferred as required by Rule 26(f)," unless

authorized by the Federal Rules of Civil Procedure, "by stipulation, or by court order."  Fed. R.

Civ. P. 26(d)(1).

In this case, the parties have not met and conferred pursuant to Rule 26(f).  See Pl.'s Br.

in Supp., D.E. 33-1, at p. 4.  Plaintiff argues a Rule 26(f) conference is not possible at this time

because "none of the Defendants, or counsel representing them, have appeared."  Id.  Ordinarily,

the failure to meet and confer would limit Plaintiff's access to early formal discovery.  See id.

The Court has the discretion, however, to grant leave to conduct discovery prior to the Rule 26(f)

conference under Rule 26(d)(1).

"Rule 26(d) does not set a standard for determining when expedited discovery should be

permitted."  Strike 3 Holdings, LLC v. Doe, Civ. No. 18-2674, 2020 WL 3567282, at *4 (D.N.J.

June 30, 2020) (citing Techtronic Indus. N. Am., Inc. v. Inventek Collodial Cleaners LLC, Civ.

No. 13-4255, 2013 WL 4080648, at *1 (D.N.J. Aug. 13, 2013)).  Courts in this District have

consequently fashioned two standards for assessing whether such a request is appropriate.  See

id.  The most prominent requires movants to show "good cause" to obtain expedited discovery.

Id.  "Good cause exists where 'the need for expedited discovery, in consideration of the

administration of justice, outweighs the prejudice to the responding party.'"  Modern Woman,

LLC v. Does I-X, Civ. No. 12-4859, 2013 WL 707908, at *2 (D.N.J. Feb. 26, 2013) (quoting

Am. LegalNet, Inc. v. Davis, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009)); see also Manny

Film LLC v. Doe Subscriber Assigned IP Address 50.166.88.98, 98 F. Supp. 3d 693, 694-95

(D.N.J. 2015).

> A non-exclusive list of factors courts typically examine in
> conducting the good cause analysis include:  (1) the timing of the

request in light of the formal start to discovery; (2) whether the request is narrowly tailored; (3) the purpose of the requested discovery; (4) whether the discovery burdens the defendant; and (5) whether the defendant can respond to the request in an expedited manner.

Strike 3 Holdings, LLC v. Doe, 2020 WL 3567282, at *4.  Courts have also applied, as an alternative, the Notaro standard, which requires a moving party to demonstrate:

(1) irreparable injury, (2) some probability of success on the merits, (3) some connection between the expedited discovery and the avoidance of irreparable injury, and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted.

Better Packages, Inc. v. Zheng, Civ. No. 05-4477, 2006 WL 1373055, at *2 (D.N.J. May 17, 2006) (quoting Notaro v. Koch, 95 F.R.D. 403, 405 (S.D.N.Y. 1982)).  In considering a motion for expedited discovery, courts "should look at 'the entirety of the record to date and the reasonableness of the request in light of all of the surrounding circumstances,' unless the circumstances are such that the Notaro factors apply."  Id. at * 3 (quoting Ent. Tech. Corp. v. Walt Disney Imagineering, Civ. No. 03-3546, 2003 WL 22519440, at *4 (E.D. Pa. Oct. 2, 2003)).

Consistent with the majority of courts in this District, the Undersigned applies the good cause standard.  In this case, there is no formal date for the start of discovery because of Plaintiff's inability to confer with Defendants and Defendants' non-appearance.  See id. at p. 4.  Furthermore, it does not appear that Plaintiff has filed the instant motion in an effort to bypass Rule 26(f)'s requirements.  See, e.g., Murguly v. Locke, Civ. No. 19-14471, 2020 WL 2401354, at *1-2 (D.N.J. May 11, 2020) (denying request for expedited discovery where plaintiff "demonstrated no reason . . . [to] deviate from the Federal Rules").  Defendants have defaulted, and thus absent any application by Defendants to vacate default, it is reasonable to expect Plaintiff will seek the entry

4

of default judgment.  It is similarly reasonable that Plaintiff requires "limited discovery on Defendants' revenues . . . to establish damages in its anticipated motion." Id.

The requested discovery is undoubtedly necessary.  It is well-established that "[a] consequence of the entry of a default judgment is that 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990) (citation omitted).  "[A] district court 'may conduct [a] hearing or order such references as it deems necessary and proper' in order 'to determine the amount of damages.'  However, if the damages are for a 'sum certain or for a sum which can by computation be made certain,' further evidentiary inquiry is not necessary." Strike 3 Holdings, LLC v. Vokoun, Civ. No. 20-14321, 2022 WL 310201, at *4 (D.N.J. Feb. 2, 2022) (first quoting Fed. R. Civ. P. 55(b)(2); and then quoting Fed. R. Civ. P. 55(b)(1)).  In either scenario, Plaintiff will be required to produce evidence substantiating its injuries.  The Court therefore finds the timing of the instant motion and the purpose of the requested discovery weigh in favor of granting the motion.

The Court next considers whether Plaintiff's request is narrowly tailored.  Plaintiff explains that it seeks discovery from Racks OffPrice, Cheap Maggie's LLC, and the Third Party Platforms "limited to the issue of damages, specifically, information and documents relating to the sales of YUMMIE Products on the Rack's Website and 'Rack's OffPrice' storefronts." Id. at p. 5.  "Such discovery will be specifically targeted to sales information relating to the listings of YUMMIE Products through the Rack's Website and 'Rack's OffPrice' eBay and Bonanza storefronts, from January 1, 2022 to present." Id. at p. 10; Declaration of Nels T. Lippert, Esq., July 19, 2022, D.E. 33-2, at ¶ 12.  Plaintiff intends "to request transaction records and other information that would allow [it] to establish the specific number of units sold and the dollar amounts of Defendants' sales of YUMMIE Products through the Rack's Website and the 'Rack's OffPrice' storefronts on eBay

and [Bonanza]."[2]  Pl.'s Br. in Supp., D.E. 33-1, at p. 10; Lippert Declaration, D.E. 33-2, at ¶ 13. The Court concludes Plaintiff's request is narrowly tailored because it seeks no more than required to establish Plaintiff's damages in moving for default judgment.  See Strike 3 Holdings, LLC v. Doe, 2020 WL 3567282, at *8 (finding request seeking only information required to identify John Doe defendant narrowly tailored); see also Zheng, 2006 WL 1373055, at *4 (finding expedited discovery requests overly broad because, among other things, they "extend[ed] well beyond those issues likely to arise in a preliminary injunction hearing").  Accordingly, this factor weighs in favor of granting the instant motion.

The Court has received no argument on whether the requested discovery burdens Defendants.  The discovery sought arguably imposes some burden on Defendants; the extent of which is impossible for the Court to discern without Defendants' participation.  On one hand, as already noted, Plaintiff seeks transaction records and other financial information to establish the quantity and value of Defendants' sales of YUMMIE Products through the Rack's Website.  Pl.'s Br. in Supp., D.E. 33-1, at p. 10.  The Court is not aware of any means by which Plaintiff could gather this information, apart from Defendants.  However, the Court has been given no indication that this proposed discovery is extraordinary in nature, or would pose an undue burden on Defendants.  On the other hand, Plaintiff seeks the same information for sales made through "the 'Rack's OffPrice' storefronts on eBay and [Bonanza]."  Id.  This discovery in particular "imposes no burden at all on Defendants, as it is sought from and will be produced by a third-party."  Strike 3 Holdings, LLC v. Doe, 2020 WL 3567282, at *8.  The Court ultimately finds this factor is neutral.

---

[2]  The instant motion requests permission to seek discovery from eBay and Bonanza.  Plaintiff's brief and counsel's declaration, at one point, reference "eBay and Amazon."  See Pl.'s Br. in Supp., D.E. 33-1, at p. 10; Lippert Declaration, D.E. 33-2, at ¶ 13.  The Court assumes the reference to Amazon, as opposed to Bonanza, was in error.

With regard to the final good cause factor, the Court has no reason to believe Defendants cannot efficiently respond to Plaintiff's expedited discovery requests.  The Court therefore finds this factor, too, is neutral.

The good cause factors, when balanced, weigh strongly in favor of permitting Plaintiff to proceed with expedited discovery of the nature sought.  Plaintiff's motion for leave to conduct expedited discovery will therefore be **granted**.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to conduct expedited discovery, D.E. 33, is **granted**.  An appropriate Order accompanies this Opinion.

*/s Michael A. Hammer*
Hon. Michael A. Hammer,
United States Magistrate Judge

**Dated: August 3, 2022**